JjLOVE, J.,
DISSENTS WITH REASONS.
Respectfully, I dissent from the majority opinion. The State argues that a tip from a reliable confidential informant provided sufficient reasonable cause to conduct an investigatory stop and the subsequent arrest of the defendant on charges of possession of cocaine, a violation of La. R.S. 40:967(0). The confidential informant merely provided the officers with the name of a suspected drug dealer, a description of a vehicle, the route the vehicle normally takes to allegedly deliver the drugs, and the location where the alleged illegal activity was to take place. Before the defendant arrived at the location where the alleged illegal activity was to take place, the officers arrested the defendant. The information provided by the confidential informant was not corroborated and the officers did not observe the defendant involved in illegal drug activity. Furthermore, the defendant did not commit a traffic violation. The officers did not have reasonable cause to stop the defendant. To allow police officers such unfettered authority to stop and arrest an individual based on uncorroborated information and without any observation of illegal activity is antithetical to the protection afforded by the Fourth Amendment. Additionally, the cases cited by the majority illustrate the use of corroborated information to effectuate a subsequent stop and arrest. This is not the situation in the instant case. Without the requisite reasonable cause necessary to justify the | ¡.investigatory stop of the defendant, I conclude the cocaine was not properly seized under the plain view doctrine. Therefore, the trial court properly suppressed the evidence and the State’s writ should be denied.